# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3653

_____

Theresa White,                           *
                                         *
            Appellant,                   *
                                         *    Appeal from the United States
      v.                                 *    District Court for the
                                         *    Eastern District of Arkansas.
JoAnne B. Barnhart, Commissioner,        *        [UNPUBLISHED]
Social Security Administration,          *
                                         *
            Appellee.                    *

_____

Submitted:  June 3, 2002

Filed:  June 7, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Theresa White appeals the district court's decision upholding the Commissioner's denial of her application for supplemental security income. After careful review, see Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (standard of review), we conclude that remand is required for further development of the record.

Following a hearing, an Administrative Law Judge (ALJ) found that White had a history of osteoarthritis and possible subcortical infarct, which constituted a severe

impairment, but that she did not have a severe mental impairment. The ALJ concluded that White had the residual functional capacity to perform her past relevant work (PRW) as a teacher's aide, as she had described it. In partially discrediting White's testimony, the ALJ gave little weight to the finding of White's treating physician (Dr. Hartmann) that she had a mental impairment, and instead relied on the report of the neurologist (Dr. Moore), to whom the Social Security Administration had referred her, that she did not have such an impairment. As to her physical abilities, Dr. Moore opined that White could stand and walk for 4-6 hours in an 8-hour day, in 45-60 minute intervals.

We reject White's arguments on appeal that the ALJ: did not give proper weight to Dr. Hartmann's report, improperly discredited White's testimony, failed to evaluate the combined effect of White's impairments, and excluded White's medically determinable mental impairment. We are troubled, however, by the ALJ's conclusion that White could return to her PRW as a teacher's aide. White described the job as using a copy machine to make photocopies for teachers. She reported that the job required standing 90% of the time and walking 10% of the time; yet she also reported--on the same vocational-history form--that the job required standing 6 hours a day and nothing else. Despite this ambiguity in the record, the ALJ did not seek clarification on how much standing and walking was required. Also, Dr. Moore's opinion that White could stand and walk in 45-60 minute intervals indicates that White would need to take breaks from standing. The ALJ did not, however, elicit information on whether White was able to take breaks or to sit down at intervals. Thus, the medical evidence does not support the ALJ's finding that White could return to her PRW as she described it, see Salts v. Sullivan, 958 F.2d 840, 844 (8th Cir. 1992) (ALJ must obtain detailed information regarding demands of claimant's PRW), and we remand for further development of the record and proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.